UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Pedro Nuñez Manrrique,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-02481-CDS-DJA

**Order Granting Petitioner's Motion for Voluntary Dismissal with Prejudice and Denying as Moot Request for an Extension of Time**

[ECF Nos. 9, 17, 18]

Petitioner Pedro Nuñez Manrrique moves to voluntarily dismiss his habeas action under Federal Rule of Civil Procedure 41(a)(2). ECF No. 17.[1] He does not seek dismissal under Rule 41(a)(1) because the "government has responded to [his] amended habeas petition . . . and an order of dismissal is therefore required." *Id.*

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." However, under Rule 41(a)(2), "an action may be dismissed at the [petitioner's] request only by court order, on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The decision to grant a voluntary dismissal under Rule 41(a)(2) is left to the district court's discretion and "will not be disturbed unless the court has abused its discretion." *Id.* at 96.

[1] The petitioner chose not to invoke Rule 41(a)(1)(A)(ii). Instead, he expressly invoked Rule 41(a)(2), which permits a plaintiff to dismiss an action by court order on terms the court considers proper. Plaintiffs rarely proceed under this rule because that provision permits the court to deny the request or impose conditions. Nonetheless, Rule 41(a) expressly provides that a plaintiff "*may* dismiss an action without a court order" by filing a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). The rule does not, however, *require* as much.

The petitioner's counsel represents that Nuñez Manrrique is a member of the class certified in *Jacobo-Ramirez v. Noem*, 823 F. Supp. 3d 1182 (D. Nev. 2026), so adjudication of his claims before that court are appropriate, and dismissal here furthers the interests of judicial economy. ECF No. 17. To date, the respondents have not filed any opposition to the motion, and the deadline to do so has expired. Nonetheless, the court cannot identify any prejudice to the respondents arising from the requested dismissal, which is the primary concern under Rule 41(a)(2). Thus, the court finds dismissal is appropriate in this action.

Accordingly, it is ordered that the petitioner's motion for voluntary dismissal **[ECF No. 17] is granted**. Nuñez Manrrique's first amended petition **[ECF No. 9] is dismissed without prejudice**.

It is further ordered that the petitioner's motion to extend time **[ECF No. 18] is denied as moot**. The Clerk of Court is kindly instructed to close this case.

Dated: November 3, 2026

Cristina D. Silva
United States District Judge